AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of New Mexico



| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Black Alcatel Onetouch cellular telephone, Model: 3020G, FCC ID: RAD414, IMEI: 013815000693214 | )<br>)<br>)  Case No. 15-756 MR<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*: Black Alcatel Onetouch cellular telephone, Model: 3020G, FCC ID: RAD414, IMEI: 013815000693214 that is currently located at the Drug Enforcement Administration (DEA) Building, 2290 E. Griggs Avenue, Las Cruces, NM 88001.

located in the _____ District of _____New Mexico_____, there is now concealed *(identify the person or describe the property to be seized)*:
See ATTACHMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21 USC 841 and 846 | Conspiracy to Possess with intent to distribute a controlled substance, marijuana |

The application is based on these facts:
See ATTACHMENT A

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Paul Schiller*
Applicant's signature

Paul Schiller, DEA Special Agent
Printed name and title

Sworn to me before me and signed in my presence.

Date: 11-17-15

*[signature]*
Judge's signature

City and state: Las Cruces, NM

Carmen E. Garza, United States Magistrate Judge
Printed name and title

## ATTACHMENT A

I, Paul Schiller, herein referred to as the affiant, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information.

2. I, Paul Schiller, am a Special Agent of the Drug Enforcement Administration (DEA) assigned to the Las Cruces DEA Office. As a Special Agent, I am empowered by Title 21, Section 878 of the United States Code to effect arrests, searches, and seizures for violations of the federal narcotics laws. I have been a Special Agent since October 29, 2010, during which time I have specialized in investigations involving narcotics trafficking. I have received specialized training on the subject of narcotics trafficking and money laundering and have been personally involved in investigations concerning the possession, distribution, and importation of controlled substances, including marijuana, cocaine, heroin, and methamphetamine as well as methods used to finance narcotic transactions.

3. I have experience in interviewing multiple groups of subjects who were apprehended in possession of bundles of marijuana. Interviews of these subjects revealed a common smuggling scheme of at least one individual being in possession of a cell phone that may be used to contact co-conspirators in both Mexico and the United States regarding delivery

1

of the marijuana. These cell phones contain information to include phone numbers of co-conspirators, text messages related to drug smuggling, and at often times, pictures of the drugs being smuggled.

4. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

5. On July 5, 2015, Angel Herrera-Cruz, Luis Enrique Caro-Moya, Irvin Adolfo Zaragoza-Ruiz, Raul Edgar Apodaca-Lujan, and Angel Jesus De La Torre-De La Torre attempted to smuggle 139 kilograms of marijuana into the United States from Mexico. On that same day, U.S. Border Patrol Agents apprehended Angel Herrera-Cruz, Luis Enrique Caro-Moya, Irvin Adolfo Zaragoza-Ruiz, Raul Edgar Apodaca-Lujan, and Angel Jesus De La Torre-De La Torre in a remote area east of the Tornillo Port of Entry, south of Texas State Road 20. Border Patrol Agents located five burlap backpacks containing approximately 139 kilograms of marijuana. Luis Enrique Caro-Moya, Irvin Adolfo Zaragoza-Ruiz, & Angel Jesus De La Torre-De La Torre after being read their Miranda Rights, admitted to carrying backpacks containing marijuana from Mexico into the United States.

6. Border Patrol Agents found a cellular phone on Angel Herrera-Cruz's person. This cellular phone is the "Device." I arrived at the Clint Border Patrol Station several hours after the apprehension of Angel Herrera-Cruz and the other four individuals. I took possession of the Device and secured the Device at the DEA Las Cruces Resident Office. Through a debrief with Irvin Zaragoza-Ruiz in September 2015, I learned that the Device belonging to Angel

Herrera-Cruz was accidentally placed in Irvin Zaragoza-Ruiz's property bag and the cell phone belonging to Irvin Zaragoza-Ruiz was accidentally placed in Angel Herrera-Cruz's property bag. I took the appropriate action to properly document and secure the correct devices to the correct owner's property bags.

7. In September 2015, I conducted proffer interviews with Irvin Zaragoza-Ruiz and Luis Caro-Moya. Both Irvin Zaragoza-Ruiz and Luis Caro-Moya stated that Angel Herrera-Cruz was the leader of their group on July 5, 2015. Both Irvin Zaragoza-Ruiz and Luis Caro-Moya stated that Angel Herrera-Cruz utilized the Device to speak to individuals in Mexico as to the status of crossing the marijuana into the United States. Both Irvin Zaragoza-Ruiz and Luis Caro-Moya stated that Angel Herrera-Cruz informed the individuals in Mexico that the marijuana backpacks were in position and were awaiting a vehicle to arrive and receive the marijuana.

8. Based on my experience with similar cases, I know that it is common for one individual in a group carrying backpacks filled with marijuana across the U.S./Mexican border to have a cellular phone for the purposes of communicating their location to individuals involved in the conspiracy located in Mexico and in the United States. I believe that on July 5, 2015, Angel Herrera-Cruz was the leader of the group crossing marijuana into the United States and maintained the Device in his possession for the purpose of giving updates to other co-conspirators located in Mexico.

9. Based on my experience and the above-described facts, there is probable cause to believe that the Device has been used in the furtherance of trafficking controlled substances and that the Device contains records and other information relating to the distribution of controlled substances. I believe that the Device likely contains dates, times, telephone contact numbers,

text messages, photographs, and other identification data relating to calls to and from cellular telephones of co-conspirators; telephone numbers and identification data programmed into the telephones; and other electronic data evidencing the use of the telephones, including stored electronic oral communications. Such items may constitute evidence of violations of Title 21, U.S.C., Sections 841 and 846. There further exists probable cause to believe that the information described is being, or may be, concealed in the Device described above. The Device is located at the DEA Las Cruces Office, located at 2290 E. Griggs Avenue, Las Cruces, NM 88001 and remains in the same condition as when it was originally seized.

## TECHNICAL TERMS

10. Based on my training and experience, I use the following technical terms to convey the following meanings:

   a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing

dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

11.  Based on my training, experience, research, and from consulting the manufacturer's advertisements and product technical, I know that the Device has capabilities that allow it to serve as wireless telephone. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

12.  Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

13.  This application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on storage medium is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

14. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

15. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premise. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

16. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device to seek the items described in Attachment B.

Respectfully submitted,

*Paul Schiller*
Paul Schiller
Special Agent
Drug Enforcement Administration

CARMEN E. GARZA
U.S. MAGISTRATE JUDGE

## **ATTACHMENT B**

### DESCRIPTION OF ITEM TO BE SEARCHED

- The property to be searched is a black Alcatel Onetouch cellular telephone, Model: 3020G, FCC ID: RAD414, IMEI: 013815000693214, herein referred to as "The Device." The Device is currently located at DEA El Paso Division Office, located at 2290 E. Griggs Avenue, Las Cruces, NM 88001.

### DESCRIPTION OF THE ITEMS TO BE SEIZED

- The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly; names, addresses, telephone numbers, call logs, photographs, and text messages, all demonstrating the use of the Device in furtherance of illegal activity.

- All records on the Device that relate to violations of Title 21, U.S.C., Sections 841 and 846, and involve Angel Herrera-Cruz including:

    a. stored names and phone numbers, stored call lists of dialed, received and missed calls, text messages, digital photos, and other electronic data;

    b. lists of customers and related identifying information;

    c. types, amounts, and prices of drugs and/or currency trafficked as well as dates, places, and amounts of specific transactions;

    d. any information related to sources of drugs and/or currency (including names, addresses, phone numbers, or any other identifying information);

    e. any information recording Angel Herrera-Cruz's schedule or travel;

1

- Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.